# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50961
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN GUILLERMO TORRES-MATA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-208

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Guillermo Torres-Mata appeals his sentence. He argues that the district court erred in assessing a sixteen-level increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a finding that he had a prior conviction for a crime of violence ("COV"). He contends that his 2007 Indiana conviction of battery with a deadly weapon is not a COV, because it is neither an enumerated offense nor has as an element the use, attempted use, or threatened use of force.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50961

This court reviews de novo the district court's interpretation of the sentencing guidelines. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Although the statute of conviction does not specifically require the use of force, the prior conviction qualifies as a COV under § 2L1.2 because "the touching of an individual with a deadly weapon creates a sufficient threat of force to qualify as a crime of violence." *United States v. Dominguez*, 479 F.3d 345, 348 (5th Cir. 2007); *United States v. Tejada-Calderon*, 234 F. App'x 211, 211-12 (5th Cir. 2007); *United States v. Juarez-Mejia*, 337 F. App'x 408, 409 (5th Cir. 2009). Therefore, the district court did not err in assessing the increase.

The judgment is AFFIRMED.